IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                              PLAINTIFF

v.                             CIVIL NO. 12-3130

RITA F. STEBBINS; and
DAVID D. STEBBINS                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff has submitted a motion for leave to proceed *in forma pauperis* ("IFP")(Doc. 2). The case is before me for preservice screening under 28 U.S.C. § 1915. Under the provisions of the IFP statute, the Court is obligated to screen any complaint in which the Plaintiff seeks to proceed IFP. 28 U.S.C. § 1915(e)(2).

### Discussion

The Court must determine whether Plaintiff should be granted IFP status. In addition to this case, Stebbins has filed the following cases and sought leave to proceed IFP:

| | | |
|---|---|---|
| 1. | Stebbins v. Mid States Promotions, et al, Civil No. 10-3041 | filed 5/10/10 |
| 2. | Stebbins v. University of Arkansas, et al., Civil No. 10-5125 | filed 7/12/10 |
| 3. | Stebbins v. Full Sail University, Civil No. 10-3072 | filed 8/4/10 |
| 4 | Stebbins v. Wal-Mart Stores, Inc. Civil No. 10-3086 | filed 9/14/10 |
| 5. | Stebbins v. Full Sail University, Civil No. 10-3090 | filed 9/27/10 |
| 6. | Stebbins v. Wal-Mart Stores, Inc., Civil No. 10-3123 | filed 12/17/10 |
| 7. | Stebbins v. NET-ARB, Inc., Civil No. 11-3025 | filed 3/29/11 |
| 8. | Stebbins v. Harp & Assoc. Real Estate Services, Civil No. 11-3029 | filed 4/5/11 |
| 9. | Stebbins v. Kirkpatrick, Civil No. 11-3042 | filed 6/16/11 |

10.  Stebbins v. Legal Aid of Arkansas, Civil No. 11-3057         filed 7/20/11

11.  Stebbins v. Hannah, et al., Civil No. 11-3058         filed 7/21/11

12.  Stebbins v. Harp & Assoc. Real Estate Services, Civil No. 11-3078     filed 9/9/11

13.  Stebbins v. Boone County, AR, et al., Civil No. 12-3022         filed 2/17/12

14.  Stebbins v. Social Security Administration, Civil No. 12-3032     filed 3/8/12

15.  Stebbins v. Marczuk, et al., Civil No. 12-3039         filed 3/19/12

16.  Stebbins v. Bradford, et al., Civil No. 12-3131         filed 10/4/12

In nine of these cases IFP was granted. In five of these cases IFP was denied. In one case the lawsuit was transferred out of Arkansas without the IFP being ruled on. IFP applications are currently pending in this case and in Civil No. 12-3131.

He has filed in excess of one hundred motions in these cases, six notices of appeal during the pendency of the cases, five petitions for writ of mandamus, and two writs of certiorari. Six of these cases have been dismissed prior to service of process; two were dismissed on summary judgment motion; and one case was dismissed on a motion to dismiss. Review of cases in the Public Access to Court Electronic Records (PACER) database indicates that Stebbins has also filed cases in other districts and has sought leave to proceed IFP in those cases. *See e.g, Stebbins v. Steen, et al.,* Civil No. 4:12-cv-00704 (E.D. Ark. Filed 11/8/2012); *Stebbins v. Google, Inc.*, Civil No. 5:11-cv-03876 (N.D. CA--filed 10/27/2011).

An indigent plaintiff must conform to the requirements of 28 U.S.C. § 1915 in requesting leave to proceed IFP, including his "representations of poverty, a statement of the case, and his belief that he is entitled to redress." *Coppedge v. United States*, 369 U.S. 438, 444 (1962). These provisions apply to all IFP litigants. Section 1915(e)(2) provides that the court may

dismiss a case "at any time" if it determines that the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

If a plaintiff has a long history of bringing unmeritorious litigation, the court can consider that fact in dismissing a claim. The Supreme Court has a long-standing policy to "discourage frivolous and malicious *in forma pauperis* filing 'particularly [from] those few persons whose filings are repetitive with the obvious effect of burdening the office of the Clerk and other members of the Court staff.'" *Zatko v. California*, 502 U.S. 16, 17 (1991)(internal quotation marks and citation omitted); *see also In re McDonald*, 489 U.S. 180 (1989). For example, the Supreme Court held the filing of eleven writ of certiorari petitions in noncriminal matters in a two-year window, coupled with a history of such filings, constituted frivolous filing and precluded the plaintiff from such "abusive" future filings. *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 2 (1992). Likewise, the Supreme Court denied leave to proceed *in forma pauperis* to a plaintiff who had filed and requested to proceed *in forma pauperis* thirty-five times over nine years. *Day v. Day*, 510 U.S. 1, 2 (1993).

From May 10, 2010, to October 4, 2012, Plaintiff has filed sixteen cases and asked to proceed IFP in each case. Based on the sheer number of Plaintiff's filed cases and the clear policy of the Supreme Court to discourage such "abusive" voluminous filing, the undersigned concludes that Plaintiff's request to proceed IFP should be denied.

**Conclusion**

I therefore recommend that the motion to proceed IFP (Doc. 2) be denied and the case dismissed. Further, I recommend that Clerk be directed not to accept any further cases from Stebbins unless he pays the $350 filing fee.

AO72A
(Rev. 8/82)

**Stebbins has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Stebbins is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of February 2013.

/s/ *J. Marschewski*
  HON. JAMES R. MARSCHEWSKI
  CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)