U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
FEB 21 2013
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                             PLAINTIFF

VS.                              CASE NO. 12-3130

DAVID D. STEBBINS AND RITA F. STEBBINS                                        DEFENDANT

## OBJECTION TO REPORT AND RECOMMENDATION

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following objection to Marchewski's Report & Recommendation.

The Magistrate Judge cites case law saying that the Court is allowed to consider the quantity of lawsuits when determining if the suit is filed in bad faith. However, he is not merely *considering* my lawsuit history; it is the *only* thing that he has given to justify his claim that the *in forma pauperis* petition should be denied.

A finding of frivolousness in a filing should be determined, first and foremost, by the individual filing itself. Though the history of filing may be subject to consideration, it should not be the only thing to be considered.

Even in the case law that Marchewski himself cites, the Supreme Court gave considerable weight to the individual frivolousness of each case. See *Day v. Day*, 510 U.S. 1, 2 (1993) ("Since we first denied him *in forma pauperis* status last June, he has filed eight more petitions for certiorari with this Court – **all of them demonstrably frivolous**." Bolded for emphasis). See also *Martin v. Dist. Of Colum. Court of Appeals*, 506 U.S. 1, 2 (1992) (stating that Martin was "unique... because [he has] repeatedly made totally frivolous demands on the Court's limited resources").

I do not file anything with this Court in bad faith. Though I file a large *quantity* of lawsuits, I have never filed anything simply to harass or simply out of spite. I have alwaysfiled

these cases out of good faith beliefs that I have been wronged and am entitled to redress.

How can I prove this? Well, try this for starters: Whenever the *in forma pauperis* applications were denied in this Court, I never appealed them. The reason I did not appeal is because I was satisfied with the explanations given for the cases being dismissed. Judicial immunity, lack of jurisdiction, and other such reasons for the Court to dismiss the cases all make perfect sense, and I cannot argue with the Court's logic on those five cases which were dismissed.

Speaking of the five dismissed cases, consider that, by Marchewski's own admission, in 64% of the cases I have filed, the *in forma pauperis* application was granted, something the Court is not supposed to do if it does not believe the complaint is being filed in good faith. In other words, there are already safeguards against "abusive" filings embedded in statute, including but not limited to Rule 11(c) of the Federal Rules of Civil Procedure, so there is no *need* to simply consider the quantity of them, without focusing on individual quality.

If this is not enough to convince the Court that I am a good-faith filer, please feel free to call me into court and ask me any questions you like, in person. I will answer them all to the best of my abilities. I would be happy to go down the list of every single solitary lawsuit I have ever filed, in any court (federal or otherwise), and explain how each and every one of them was filed in good faith.

What is even worse is that Marchewski recommends that I be permanently barred from filing any *in forma pauperis* cases in this Court, something that is entirely uncalled for. To permanently bar me from ever again even so much as attempting to get an *in forma pauperis*, instead of having said decision applied on a case-by-case basis, would permanently bar me from access to the Courts altogether, considering my inability to pay. "Dismissal with prejudice is an

extreme sanction that should only be available for willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." See *Siems v. City of Minneapolis*, 506 f. 3d 824, 826 (8th Cir. 2009).

And that sanction is just for one case. Filing lawsuits, generally, is a constitutional right, part of the First Amendment right to petition the government for redress of grievances. To bar me, permanently, from seeking to make them affordable effectively bars me from access to the Courts. Because of such an extreme consequence, such a sanction should only be imposed, not for filing numerous lawsuits, but filing numerous lawsuits that are each frivolous if taken on their own.

If you are looking for case law regarding the extremity that is necessary in this case, you are not going to get much better than the widely-cited case of *Washington v. Alaimo*, 934 F. Supp. 1395 (1996), a case from the U.S. District Court for the Southern District of Georgia. Not only did Plaintiff Mathew Washington file a large *number* of lawsuits, but all of them were clearly designed to humor him while incarcerated. Motions that Washington had filed include, but are not limited to, the following:

- Motion to Behoove an Inquisition
- Motion for Judex Delegatus
- Motion for Restoration of Sanity
- Motion for Deinstitutionalization
- Motion for Publicity
- Motion to Vacate Jurisdiction
- Motion for Cesset pro Cessus
- Motion for Nunc pro tunc
- Motion for Psychoanalysis
- Motion to Impeach Judge Alaimo
- Motion to Renounce Citizenship
- Motion to Exhume Body of Alex Hodgson
- Motion to Invoke and Execute Rule 15
- Motion for Skin Change Operation
- Motion for Catered Food Services
- Motion to Kiss My Ass

*That* is the sort of filing history that justifies sanctions being imposed on "future" filings.

Even then, the Court only forced Washington to pay a *rrefundable* bond for each new case.

I therefore wholly object to Marchewski's logic. Frivolousness of cases should be determined on a case-by-case basis. Only if I repeatedly file *frivolous* cases should sanctions attach.

For this reason, I request that the Magistrate Judge's Report & Recommendation be overruled, and the application for leave to proceed *in forma pauperis* granted.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

U.S. District Court
~~510 E. Mountain~~
35 E. Mountain St.
Room 510
Fayetteville, AR 72701