IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                                        PLAINTIFF

v.                                            Case No. 3:12-CV-03130

RITA F. STEBBINS, and DAVID D. STEBBINS                                          DEFENDANTS

**O R D E R**

    Currently before the Court is the Report and Recommendations (Doc. 7) filed by Chief United States Magistrate Judge James Marschewski on February 6, 2013.  Also before the Court are Plaintiff David Stebbins's timely-filed objections (Doc. 8).

    The Magistrate recommends denying Mr. Stebbins's motion to proceed *in forma pauperis* and directing the Clerk not to accept future filings from Mr. Stebbins unless he pays the filing fee. Mr. Stebbins objects to the Magistrate's Report and Recommendations, arguing that Judge Marschewski erred in only considering his litigation history in recommending that Mr. Stebbins be denied *in forma pauperis* status.  Mr. Stebbins argues that frivolity of a case should be determined based on each individual filing.  The Court has conducted a *de novo* review concerning Mr. Stebbins's objections.  28 U.S.C. § 636(b)(1).

    Mr. Stebbins undoubtedly has a right to access to the courts.  However, his right of access, especially a right of free access, cannot be unlimited in the face of abuse.  As the Eighth Circuit has stated:

> The Court has authority to control and manage matters pending before it . . . . [W]e must recognize that judicial resources are limited in the short run and need to be protected from wasteful consumption.  Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.

> The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources . . . . [A]busive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims.
>
> Defendants have a right to be free from harassing, abusive, and meritless litigation. Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior. The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits.

*In re Tyler*, 839 F.2d 1290, 1292-93 (8th Cir. 1988) (quoting *People of the State of Colorado v. Carter*, 678 F. Supp. 1484, 1486 (D. Colo. 1986)) (internal citations omitted).

Mr. Stebbins argues that a majority of the cases he has filed in this District have not been found to be frivolous upon initial review. This does not mean, however, that in the cases where Mr. Stebbins was granted *in forma pauperis* status, his claims were not frivolous.[1] The fact that Mr. Stebbins has previously been given leave to proceed *in forma pauperis* in certain cases merely means that his claims in those cases were not patently frivolous based on an evaluation of Mr. Stebbins's complaint alone and giving Mr. Stebbins every benefit of the doubt. The fact remains that Mr. Stebbins has not succeeded on the merits in any of the numerous cases he has filed in this District. Whether or not Mr. Stebbins made his filings based on his own good faith belief in their merits does not change the fact that he has a history of filing ultimately meritless cases upon which the Court has been forced to expend countless hours of time and judicial resources. Not only has Mr. Stebbins filed numerous cases, but he has also filed over one hundred motions within those cases, some of

---

[1] As in *Tyler*, Mr. Stebbins's extensive experience in filing lawsuits has equipped him with some knowledge of the law, and his skills in drafting are often sufficient to at least raise a question as to factual matters alleged that could constitute a claim, thereby preventing dismissal of the complaint as frivolous upon initial review. *Tyler*, 839 F.2d 1290, 1293.


which have been repetitive, and few of which have had any merit. Regardless of Mr. Stebbins's alleged good-faith intent in filing his various lawsuits, the fact remains that he has abused the system by continuing to file unmeritorious claims and motions. Mr. Stebbins's "history of unsubstantial and vexatious litigation is an abuse of the permission granted to him to proceed as a pauper in good faith under 28 U.S.C. § 1915(d)." *Maxberry v. Sec. and Exchange Comm.*, 879 F.2d 222, 224 (6th Cir. 1989).

Mr. Stebbins argues that the frivolity of each individual case must be considered before it can be dismissed as frivolous—that the Court cannot rely solely on Mr. Stebbins's history of abusive or frivolous filings in denying him *in forma pauperis* status. The Court disagrees. As the Eighth Circuit and other courts have stated, the Court has a responsibility to manage matters pending before it to safeguard the judicial system from abuses and to protect defendants from harassing litigation. The Court will nevertheless conduct an initial review of the merits of the instant matter, since courts generally have enjoined litigants from future action, and not contemporaneously with a particular filing.[2]

The Court finds, upon initial review of Mr. Stebbins's complaint, that Mr. Stebbins's claims should be dismissed as frivolous upon initial review. 28 U.S.C. § 1915(e)(2). Mr. Stebbins complains that Defendants—"who are, biologically, [his] parents"—listed Mr. Stebbins on their tax returns for the past four years despite the fact that they were not paying his living expenses at all or not for a majority of the year. Mr. Stebbins surmises that his parents' actions might constitute

---

[2] The Court does not believe, given Mr. Stebbins's litigation history and given that he had an opportunity to respond to the Report and Recommendations of the magistrate judge, that denying *in forma pauperis* status in the instant case based on his past abuses would necessarily be contrary to law. However, for the sake of argument, the Court entertains Mr. Stebbins's objection as to this point.

identity theft, but he is unsure. He invokes the jurisdiction of this Court based on the fact that his parents were filing federal tax returns. He then asks for compensatory damages in an amount representing his living expenses during the years he was claimed as a dependent, plus punitive damages.

First, the Court does not agree that Mr. Stebbins has a cognizable claim for "identity theft" based on his biological parents claiming him on their tax return. Second, Mr. Stebbins does not cite to any statute or precedent for the propositions that mere use of a federal tax form can (a) give rise to a private civil cause of action against someone who improperly claims a tax credit and/or (b) can confer a federal court with jurisdiction. Mr. Stebbins lists his parents' address as being in Harrison, Arkansas, so diversity jurisdiction cannot otherwise be exercised. Furthermore, taking Mr. Stebbins's allegations as true, it does not appear that Mr. Stebbins would have any claim for damages against his parents. If his parents improperly claimed a tax credit, it would be the federal government that was damaged by Mr. Stebbins's parents' underpayment of their taxes or the IRS's overpayment of Mr. Stebbins's parents' tax return. The fact that a person may claim a dependent on their federal tax return does not make them indebted to the claimed dependent for the claimed dependent's calculation of 51% of the dependent's living expenses for that tax year. Mr. Stebbins's complaint is therefore subject to dismissal for both for lack of jurisdiction and for failure to state a claim.

Because it is not always possible to tell, indisputably, upon initial review of Mr. Stebbins's complaints whether he might have a valid claim, the possibility of dismissal upon initial review is insufficient to curb his abuse of the judicial system. *See Tyler*, 839 F.2d at 1294. Although Mr. Stebbins financially qualifies for *in forma pauperis* status, he does receive a monthly disability

payment of $628.20 per month plus $79 per month in food stamps. His monthly income (not including the food stamps) exceeds his stated monthly expenses (totaling $458.70) by $169.50. It appears that, while a $400.00 filing fee would effectively prevent Mr. Stebbins from filing a case in federal court, Mr. Stebbins does have the ability to pay a refundable bond in order to file a complaint in this District. Mr. Stebbins may also be properly limited in the number of cases he may file in a given time period. *Tyler*, 839 F.2d at 1294 (limiting indigent prisoner plaintiff to filing one case per month).

For the reasons set forth above, and having conducted a *de novo* review in regard to Mr. Stebbins's objections to the Report and Recommendations, the Court hereby ADOPTS the Report and Recommendation (Doc. 7), with certain modifications in accordance with this Order.

**IT IS ORDERED** that Mr. Stebbins's motion for leave to proceed *in forma pauperis* (Doc. 2) is DENIED.

**IT IS FURTHER ORDERED** that Mr. Stebbins's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted and, additionally and alternatively, for lack of jurisdiction.

**IT IS FURTHER ORDERED** that <u>Mr. Stebbins is limited to filing one case in the federal courts for the Western District of Arkansas per every three calendar months</u>. All claims in any case should be properly joined or the case may be subject to dismissal. This condition is effective immediately. As Mr. Stebbins recently filed a new case in this Court on July 2, 2013, he is enjoined, pursuant to this condition, from filing another case until October 1, 2013.[3]

---

[3] This, or any other condition placed herein by the Court, does not limit Mr. Stebbins's ability to file a claim, alleging in clear, specific language that he has been, or is about to be subjected to immediate, extraordinary, and irreparable physical harm, such allegations being supported by an

**IT IS FURTHER ORDERED** that <u>Mr. Stebbins is enjoined from filing any lawsuit in federal court in this District, the Western District of Arkansas, unless he:</u>

1. <u>Posts a $100 refundable bond with the Clerk of Court</u>. The bond will be held by the Clerk of Court. If Mr. Stebbins's complaint passes an initial prescreening review under 28 U.S.C. § 1915, and Mr. Stebbins litigates the case in accordance with Federal Rule of Civil Procedure 11, and particularly Rule 11(b), the bond will be returned to him at the conclusion of his case. If Mr. Stebbins's case is found to be subject to dismissal upon initial review and/or Mr. Stebbins fails to behave in accordance with Rule 11, the $100.00 bond will be forfeited to the Court as partial payment of the filing fee;

2. <u>Attaches a copy of this Order to his Complaint</u>; and

3. <u>Attaches an affirmation, signed by Mr. Stebbins, of the date of his most recent prior filing of a new case in this District</u>.

The Clerk is directed to return any complaint from Mr. Stebbins that is not filed in compliance with this Order.

Nothing in this Order will prohibit Mr. Stebbins from proceeding as a proponent in any civil claim in this District with the representation of an attorney licensed to practice in the State of Arkansas and admitted to practice in this District. Nothing in this Order will prohibit Mr. Stebbins from defending himself in any criminal or civil litigation brought against him in this District.

Further, Mr. Stebbins is advised not to yell at court staff or use abusive language in any

---

accompanying affidavit setting forth clearly and specifically the facts giving rise to the complaint and any documentation of such facts that might exist.

written or oral communication with the Court or fellow litigants.  Mr. Stebbins will be expected to behave with the decorum expected of all litigants who appear before, or file pleadings with, this Court.  Failure to behave in a proper manner may result in sanctions being imposed on Mr. Stebbins or further restrictions or conditions placed on his ability to make filings or informal communications with the Court.

The Court has also considered Mr. Stebbins's Motion to Disqualify Judge Marschewski, and possibly Judge Holmes, and finds that the motion should be denied.  Mr. Stebbins argues that Magistrate Judge Marschewski has demonstrated an animus against him by entering the Report and Recommendations in this case and by recommending that Mr. Stebbins not be granted leave to proceed *in forma pauperis*.  The Court cannot find that the Report and Recommendations are evidence of an animus held by Judge Marschewski against Mr. Stebbins.  Rather, they are Judge Marschewski's recommendations to this Court based on his review of the applicable law.  The findings and recommendations have now been largely adopted by the Court.  The fact that Mr. Stebbins disagrees with or does not like Judge Marschewski's recommendations, or this Court's findings, does not create grounds for disqualification.  Mr. Stebbins filed objections to the Report and Recommendations, which were duly considered by the Court.

**IT IS THEREFORE FURTHER ORDERED** that Mr. Stebbins's Motion to Disqualify (Doc. 9) is DENIED.

IT IS SO ORDERED this 3rd day of July, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE