Case 3:12-cv-03130-PKH   Document 11   Filed 07/16/13   Page 1 of 6 PageID #: 36

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 1 6 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                    PLAINTIFF

VS.                           CASE NO. 12-3130

DAVID D. STEBBINS AND RITA F. STEBBINS                               DEFENDANT

## MOTION FOR AMENDMENT TO ORDER

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for amendment to the order barring Plaintiff from filing *pro se* federal lawsuits in this court.

### Background

1. In Document #10 of this case, Judge P.K. Holmes barred Plaintiff from filing any further *pro se* lawsuits in this Court unless the following conditions were met:

   A) Plaintiff is represented by counsel, or

   B) …

       i. It has been at least three months since he has last filed a *pro se* lawsuit, and

       ii. Plaintiff posts a $100 bond, to be refunded in the event that the Court finds that the Complaint is not frivolous and Plaintiff obeys Fed. R. Civ. P. 11.

2. In this motion, Plaintiff will petition the Court to reduce the above-stated conditions to the following:

   A) That Plaintiff be considered to be "represented by counsel" in the event that he produces evidence that an attorney at law – licensed to practice law in the State of Arkansas – has advised him that he has a colorable and nonfrivolous cause of action.

   B) That the bond spoken of in Paragraph #1(B)(ii) be reduced to $50.

### Why the Court should allow the adivce of counsel to substitute for representation.

3. The Court made an exception to the restriction on Plaintiff's lawsuit-filing, allowing Plaintiff unrestricted access to the Courts if he is represented by counsel. Counsel, however, tends to cost many

times more than merely paying the filing fee. Remember, the reason the Court established the refundable bond is because it sympathized with Plaintiff's inability to pay the entire filing fee. Said sympathy should carry over, here.

4. If Plaintiff were to seek the *advice* of counsel to determine if the lawsuit is frivolous or not, that can accomplish the purpose for which the Court issued in this exception in the first place. If the Court trusts the general wisdom of any particular attorney, without actually *knowing* this attorney's background or credentials (the only reason why it would create this exception in the first place), then the *advice* of counsel should be just as sufficient as the representation of same.

5. Plaintiff actually *already does* this. Notice, for example, Exhibit A to this motion, where Plaintiff, already feeling that he had a colorable cause of action to file in Boone County Circuit Court, nonetheless sought the advice of a Harrison attorney named Jason Robb to confirm his intuition. Plaintiff admitted that he had nothing to loose, but nonetheless sought the advice of counsel. Why? Because he *acknowledges* that Defendants have the right to be free from harassment by the court system! Although Plaintiff had no financial commitment to the case, he did have a moral compass which would have deterred him from filing the case if it were frivolous, just like the Court clearly wants him to have.

6. Plaintiff makes the following officer to the Court: That in the event that Plaintiff consistently offer similar evidence in future cases that the advice of counsel was sought, and that said counselor advised Plaintiff that his cause of action was meritorious and colorable, that the Court continue to allow Plaintiff otherwise unrestricted access to the Courts. If Plaintiff is acting on the candid and disinterested advice of counsel, the Court can take heart that the lawsuit is not filed in bad faith or for the purposes of harassment. Otherwise, the Court would not be offering this exception in the first place.

7. Plaintiff asks that, if this condition be satisfied, he be allowed to file *in forma pauperis* lawsuits as frequently as he can satisfy that condition.

### The Court failed to give Plaintiff a food and supplies allowance.

8. The Court found that Plaintiff's monthly expenses were merely $458.70 per month, which should give Plaintiff a budget surplus of $169.50 with which to pay refundable bonds. In making this finding, however, the Court forgot to include a food allowance for Plaintiff. Plaintiff pays $400 per month for rent, and $58.70 per month (since increased to more than $66 due to routine inflation) for utilities, but Plaintiff still has to put food in his stomach. He also needs to purchase such necessities as paper towels, toothpaste, toilet paper, and soap, things the Court cannot reasonably expect him to do without.

9. This confusion was probably caused by the fact that Plaintiff used the "Short-form" *in forma pauperis* application, a heavily-abridged (and thus, easier to review and decipher), which only requested that Plaintiff list his *fixed* monthly income. Food and supplies are adjustable expenses, which is why Plaintiff did not include them in his IFP application; he expected the Court to understand that those expenses would be present even if they were not listed. Because he expected the Court to have a *brain*!

10. These expenses, while adjustable, can simply be adjusted only so much. Plaintiff can only purchase these items for as low as the sellers are willing to sell for; see, this is called "capital-ism," and it has served our economy well for centures.

11. Although Plaintiff's food stamps may well reduce the cost of food, they do not eliminate it. The Court can take judicial notice that the Food Stamp Office considers $200 per month to be an acceptable level of "expenses" for food. In other words, just on groceries alone, without even considering supplies, this $169.50 surplus is instantly sucked up like water in a rain forest[1].

12. In fact, the Court can also take judicial notice that Plaintiff's $628.20 per month in SSI is only barely enough to meet the costs of daily living. It is designed that way so that the federal government

---

1  This is an analogy that Plaintiff himself has coined. In a rain forest, the soil is very poor because all the namesake rainfall is instantly sucked up by the abundance of plantlife before it has a chance to settle in and fertilize the soil. Similarly, Plaintiff's income is spent almost as quickly as it is accumulated on basic necessities, before he has a chance to set it aside in savings.

can spread their resources to as many people as possible.

13. Because the Court took Plaintiff's indigency into account when crafting the conditions upon which Plaintiff may continue to file *pro se* lawsuits, Plaintiff asks that it re-adjust the conditions to account for those factors which the Court did not previously consider, and reduce the amount of the refundable bond to $50 instead of $100.

## Conclusion

14. In the event that the Court grants the above-requested concessions, Plaintiff will dismiss the related portions of the pending appeals (filed simultaneously with this motion). Plaintiff has always acknowledged that Defendants have a right to be free from harassing and frivolous litigation, which is why Plaintiff already has adopted the practice of consulting with counsel before filing the suits, so the restrictions requested by Plaintiff in this motion seem reasonable, and are actually consistent with Plaintiff's existing practices. Merely, the Court apparently needs *confirmation* that Plaintiff already practices this in order to trust in Plaintiff's good faith; Plaintiff is more than willing to provide this proof if the Court is willing to accept it.

15. Wherefore, premises considered, Plaintiff requests that this motion to amend order be granted. So notified this 15th day of July, 2013.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

| | |
|---|---|
| Subject: | Re: New case? |
| From: | jasonrobb@windstream.net (jasonrobb@windstream.net) |
| To: | stebbinsd@yahoo.com; |
| Date: | Monday, April 23, 2012 1:42 PM |

I believe you have a shot at it. I think you could argue that position if they claim the contingency for you to spend the night. But ultimately, arguing there was a breach of contract and they violated it, I believe you have a descent shot.

---- David Stebbins <                          > wrote:
> Well, it's not like I'm asking you to represent me on contingency. In fact, I'm not asking you to represent me at all!

Do you think I at least have a snowball's chance in hell? If you think so, I'm going to go ahead and roll the dice, since the worst that can happen is I loose, and then I'm no worse off.

Though I do have one thought:

"If not, then they could argue it was contingent on you spending the night there."

Don't you think I could counter-argue that there was no meeting of the minds as to this contingency?

_____

From: "                          " <                          >
To: David Stebbins <                          >
Sent: Sunday, April 22, 2012 10:04 PM
Subject: Re: New case?

Mr. Stebbins. As far as your first question, that is a toss up. Statute of frauds as you are well aware requires writing with a contract. But you don't necessarily need a written contract. A verbal contract could work. With the fact that the hotel had your name and reservations in writing demonstrates that they had you booked. Now, did you already paid for the room? If you did, then I believe you defintely have a breach of conttract. If not, then they could argue it was contingent on you spending the night there. I don't know if I could answer that question with certainty. As fars your second question, the agent appears to be Barbara Cole. If you go to the secretary of state website, and search hotel seville, the agent should pop up. Hope that helps. Jason.

```
CPU  U.S. POSTAGE
     $ 1.52⁰
PB 1P 000   MAILED JUL 15 2013
3660515              72601
```

U.S. District Court
35, E. Mountain St.
Room 510
Fayetteville, AR 72701

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601