IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                                      PLAINTIFF

v.                                          Case No. 3:12-CV-03130

RITA F. STEBBINS, and DAVID D. STEBBINS                                      DEFENDANTS

**O R D E R**

      Currently before the Court is Plaintiff David A. Stebbins's motion (Doc. 11) for amendment of the Court's prior order (Doc. 10) imposing certain restrictions on Mr. Stebbins's future ability to file lawsuits in this District. Mr. Stebbins requests that the Court consider him to be represented by counsel if he produces proof that an attorney licensed to practice in Arkansas has advised him that he has a colorable and nonfrivolous cause of action. Mr. Stebbins also asks that the condition requiring payment of a refundable bond be amended to require a bond of $50 instead of $100.

      On the same day that Mr. Stebbins filed the instant motion, he also filed appeals in several cases, which challenged, at least in part, the conditions imposed by the Court. The Court was hesitant to assume that it could still exercise jurisdiction over the instant motion and, out of caution, waited to receive guidance from the Eighth Circuit. The Eighth Circuit has now issued an opinion[1] construing Mr. Stebbins's motion as a motion for postjudgment relief under Rule 59(e) of the Federal Rules of Civil Procedure, which means that this Court does have jurisdiction to consider the motion even while the various appeals are pending.

---

[1] While the opinion has not yet been filed on the docket in this case, the per curiam opinion and judgment were filed in the Eighth Circuit, case number 13-2687, on November 12, 2013. The Court sees no reason to further delay its ruling on Mr. Stebbins's pending motion due to any procedural or administrative delay inherent in the filing of the opinion and judgment in this Court.

Having reviewed Mr. Stebbins's motion, the Court finds that the motion should be granted in part. Based on the additional financial information provided by Mr. Stebbins, the Court will reduce the required refundable bond to $50.

The motion will be denied, however, as to Mr. Stebbins's request that he be considered to be represented by counsel if he produces proof that an attorney licensed to practice in Arkansas has advised him that he has a colorable and nonfrivolous cause of action. An email indicating that an attorney responded affirmatively to Mr. Stebbins's emailed inquiry as to whether he might "have a snowball's chance in hell" on a briefly summarized claim (*see* Doc. 11, p. 5), is not in any way similar to actually having an attorney represent Mr. Stebbins in a given action. Furthermore, the exception allowing Mr. Stebbins to file a lawsuit if represented by counsel is not based solely on the fact that it would be an indication that the lawsuit was filed in good faith. Rather, if Mr. Stebbins were represented by counsel, it would be a continuing assurance to the Court that filings made throughout the entire course of the litigation would have a good-faith basis, or the attorney would risk disciplinary action. It would likewise safeguard against filings and communications during the litigation that do not comport with the Court's expectations of decorum and civility. (*See, e.g.,* Case no. 12-cv-03022, Doc. 92, in which Mr. Stebbins put the following statement in very large font setting, in bold, underlined, and all capital letters: "NOT THE MOTHER-F***ING JUDGE!!!!").

For the above-stated reasons, IT IS ORDERED that Mr. Stebbins's motion (Doc. 11) to amend order is GRANTED IN PART and DENIED IN PART. An amended order will be entered consistent with this opinion.

IT IS SO ORDERED this 25th day of November, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE